IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRANDON NELSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>TIMOTHY JONES, et al., )<br>)<br>Defendants. ) | CASE NO. 3:17-CV-569-MHT<br>(WO) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION[1]

This 42 U.S.C. § 1983 action is before the court on an amended complaint filed by Brandon Nelson, a pre-trial detainee currently incarcerated at the Russell County Jail. In this civil action, Nelson alleges that the defendants acted with deliberate indifference to his safety when they failed to protect him from attack by other inmates on September 21, 2016 during a prior term of incarceration at the Lee County Detention Center. Doc. 25 at 2–3.

After extensive efforts to serve defendant Ki-Shawn Powell, including requiring the United States Marshall to provide the court with Powell's address and attempting service on Powell at this address, service was not perfected on Powell. The court perfected service on each of the other defendants.

---

[1]All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

Upon return of the last attempt to serve Powell, the court entered an order advising Nelson of the lack of service and requiring that "on or before March 30, 2018 Plaintiff shall furnish the Clerk's office with the correct address for Ki-Shawn Powell so that the court may [again] attempt to perfect service on this individual." Doc. 41. The order specifically cautioned Nelson that "if he fails to comply with the directives of this order [the Magistrate Judge] will issue a Recommendation dismissing his claims against Ki-Shawn Powell without prejudice for failure to comply with the service requirements of Rule 4(m) [of the Federal Rules of Civil Procedure]." Doc. 41.[2]

As of the date of this Recommendation, Nelson has filed no response to the order seeking a correct address for Ki-Shawn Powell. The 90-day period allowed for service of the complaint expired on November 22, 2017. Nelson has failed to assert good cause why his claims against Ki-Shawn Powell should not be dismissed without prejudice. In addition, the court has provided Nelson in excess of three additional months to perfect service on Powell and he has failed to do so. Finally, after thorough review of the documents filed in this case, the court finds that no other circumstances exist which warrant further extension of the service deadline. *See Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1282 (11th Cir. 2007). The court therefore

---

[2] Rule 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The court may grant an extension to serve process on a defendant for either "good cause" or another sufficient ground. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

concludes that Ki-Shawn Powell and the claims lodged against him are due to be dismissed from this cause of action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims against Ki-Shawn Powell be dismissed without prejudice in accordance with the provisions of Rule 4(m), Fed.R.Civ.P. as service has not been effected on Powell.

2. Ki-Shawn Powell be dismissed as a party to this cause of action.

3. This case be referred back to the undersigned for additional proceedings against the remaining defendants.

On or before **May 8, 2018** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 20th day of April, 2018.

      /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE